[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2006
THOMAS K. KAHN
CLERK

No. 05-15126
Non-Argument Calendar

_____

D. C. Docket No. 04-00139-CV-RLV-4

JAMES A. BURKETT,

Plaintiff-Appellant,

versus

BEAULIEU OF AMERICA, INC.,

Defendant,

BEAULIEU GROUP, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 22, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

James A. Burkett appeals the district court's grant of summary judgment to Beaulieu Group, LLC, on Burkett's claim under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.* Burkett exercised his right to FMLA leave for twelve weeks in 2003. As authorized by 29 C.F.R. § 825.311(c), Beaulieu required each employee taking advantage of FMLA leave to provide Beaulieu with a proper "fitness-for-duty certificate" as a condition precedent to returning to work. The district court held that Burkett did not timely provide this certificate to Beaulieu, and that Beaulieu was therefore justified in terminating Burkett after his leave period expired.

We agree with the district court that Burkett failed to provide Beaulieu with the required certificate until well after the expiration of his FMLA leave period. Burkett contends that his doctor's August 18, 2003 certification of his incapacity to work from June 13, 2003 to September 5, 2003 served as the required certification. However, the certification contemplated by 29 C.F.R. § 825.311(c) must be provided "at the time the employee seeks reinstatement at the end of FMLA leave taken for the employee's serious health condition." Clearly, the purpose of this provision is to ensure that a doctor makes an independent determination near the end of the leave period that the employee is no longer incapacitated and can return to work. A

2

doctor's good-faith prediction–made weeks before the employee's return date–that the employee will then no longer be incapacitated does not serve this purpose.

It is undisputed in this case that Beaulieu made Burkett aware even after the doctor's August 18 certification that he would need to provide a separate fitness-for-duty certificate before returning to work. Burkett did not provide Beaulieu with the required certificate until October 6, 2003. The FMLA regulations grant an employer discretion to terminate an employee who fails to comply with a broadly applicable policy requiring a fitness-for-duty certificate prior to returning to work. 29 C.F.R. § 825.311(c). Beaulieu's policy was to not allow employees to return to work without providing a fitness-for-duty certificate, and Burkett failed to comply with this policy. As a result, Beaulieu terminated him pursuant to its policy and 29 C.F.R. §825.311(c). Thus, the district court did not err in granting summary judgment to Beaulieu on Burkett's FMLA claim.

Accordingly, we affirm the judgment of the district court awarding summary judgment to Beaulieu.

**AFFIRMED.**